# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 20, 1899.

WILLIAM F. THIEDE
VS.
MARY E. THIEDE.

*Isidor Rayner* and *R. Brent Walling* for Wm. F. Thiede.

*Gans & Haman* for Mary E. Thiede.

STROCKBRIDGE, J.—

The bill in this case is filed by a married woman, by her next friend, against her husband, and prays for the appointment of a trustee authorized to execute a mortgage upon certain real and personal property, standing in the name of Mrs. Thiede, in order to provide the means to pay the accumulated back taxes. To this bill a demurrer has been interposed.

Upon the part of the plaintiff, authority for such a proceeding is claimed to exist under Section 3 of Article 45 of the Code, and the demurrer, therefore, raises the question as to the proper construction of that

section, and especially the latter part of it, wherein is provided, that a married woman "may make a trustee by deed, her husband joining in the deed, or she may apply to a Court of equity and have a trustee appointed, in which appointment the uses and trusts for which the trustee holds the property shall be declared." It is a self-evident proposition that where there is entire accord between a husband and a wife the property of the wife can be placed by deed in the hands of a trustee upon the terms and for such uses and purpose as may be declared in the instrument itself, and, indeed, where agreement exists there can be no occasion for a resort to a Court of equity for the appointment of a trustee, except in cases like those where property may be devised in trust for the benefit of a married woman and the will creating the trust names no trustee. The particular clause of Section 3 of Article 45 now invoked, beginning, "Or she may apply to a Court of equity," does not occur in the Act of 1853, but the whole scope of the Act clearly shows that the intent of the Legislature was to give to married women the broadest possible power over their separate property, and Section 2 of that Act provided that a wife should have the benefit of "all such remedies for her relief and security as now exist or may be devised in the Courts of law or equity of this State."

When the Code of 1860 was framed the second section of the Act of 1853 was omitted from it, and in lieu thereof the addition was made to Section 3, as the same now appears in our Code. This shows that the intent of the General Assembly both in 1853 and again in 1860 was to invest the Courts of equity of this State with the broadest possible power when called upon to deal with the property of married women, their intervention, however, in such cases, to be exercised according to well-recognized chancery rules and forms of pleading, the most familiar of which being that of the appointment of a trustee to hold the property of married women. There are many cases conceivable where a married woman might desire her property placed in the hands of a trustee when that could not be done by joint deed with her husband from divergence of view between them, either as to the character of the trusts, the person of

the trustee or a variety of other causes, and if the power of a Court of equity to intervene and appoint a trustee did not exist there might in many cases ensue serious loss, if not the total dissipation of the property. It would seem, therefore, that the latter clause of Section 3 of Article 45, already quoted, was intended to meet just such a case as that which has now arisen, and that the form of procedure in this case is correct appears from Section 4 of the same article, which provides that a married woman "having no trustee may by her next friend sue in a Court of law or equity in all cases for the recovery or *security* or *protection* of her property as fully as if she were a feme sole," and the manner of that suit is further made plain by Mr. Story in his Treatise on Equity Pleading, Section 63, when he says that in such a case the wife "ought to sue as sole plaintiff, by her next friend, and the husband should be made a party defendant, for he may contest that it is her separate property, and the claim may be incompatible with her marital rights." The aptness of this statement is clearly shown in this case, where, by a bill now forming a part of this consolidated case, the husband is, in fact, contesting that this is the separate property of his wife, and also raising the question as to the respective marital rights of the parties.

If, therefore, a case ever existed that properly called for the intervention of a Court of equity and the appointment of a trustee, it is difficult to conceive one stronger than that now presented, wherein the wife is asking for a trustee on the ground of affording security and protection to her property, to quote the language of the statute, and the husband, upon his side, is contesting the fact of its being her property. I do not, however, find any authority for a Court of equity, when asked to intervene for the benefit of the parties or the protection of the property of one or both, doing so in a limited way. If it extends the protection asked, it must do so by appointing a trustee for the entire property of the married woman, and nothing less is contemplated in Section 3 of Article 45.

Inasmuch, therefore, as the bill in its present form asks for but temporary intervention, and that without

placing the property, for the appointment with regard to which a trustee is asked, within the jurisdiction of the Court, the demurrer must be sustained; but as it would seem clear that the Court has the power under proper conditions to appoint a trustee for the whole property, leave to amend the bill will be granted.